# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-11V
February 27, 2015
Not to be Published

```
*****************************************
WYATT TANNER,                        *
                                     *
          Petitioner,                *
                                     *
     v.                              *    Influenza ("flu") vaccine; transverse
                                     *    myelitis ("TM"); less than one day onset;
SECRETARY OF HEALTH                  *    no expert witness; petitioner's motion
AND HUMAN SERVICES,                  *    for decision on written record; dismissed
                                     *
          Respondent.                *
*****************************************
```

Isaiah R. Kalinowski, Washington, DC, for petitioner.
Jennifer L. Reynaud, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On January 5, 2015, petitioner sued under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that influenza ("flu") vaccine caused his transverse myelitis ("TM"). Although the petition is unspecific as to the onset of petitioner's TM after vaccination, medical records show the onset was the same day as vaccination.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

On February 10, 2015, the undersigned held the first telephonic status conference with counsel to discuss the difficulty of petitioner proving that flu vaccine could cause TM on the same day as vaccination.

On February 27, 2015, petitioner filed a Motion for a Decision on the Written Record, stating, "Petitioner does not deem it worthwhile to pursue prosecution of the Petition all the way to a hearing with expert witnesses, and believes the Court has sufficient information to rule on the issue of causation, pursuant to Vaccine Rule 8." Pet'r's Mot. ¶ 5.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case for failure to prove that flu vaccine caused petitioner's TM, which began on the day of vaccination.

## FACTS

Petitioner was born on June 6, 1980.

On September 6, 2012, he received flu vaccine. Med. recs. Ex. 1, at 2.

On September 9, 2012, he went to Mt. Carmel East Hospital where he said since Thursday (September 6, 2012), he had "generalized body aches with urinary frequency, abdominal pain, malaise, sensitive skin, and fatigue." Med. recs. Ex. 3, at 641.

On September 12, 2012, he went to Mt. Carmel East Hospital where he gave a history that on Thursday (September 6, 2012), petitioner "received his flu vaccine and later on in the day, he had some tingling and restlessness of his legs." Med. recs. Ex. 4, at 50.

During petitioner's hospitalization at Mt. Carmel East, which lasted from September 14 to 21, 2012, he was diagnosed with transverse myelitis. Id. at 36.

## DISCUSSION

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by a

"reputable medical or scientific explanation[,]" i.e., "evidence in
the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for flu vaccine, he would not have TM, but also that the vaccine was a substantial factor in causing his TM. Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioner based on his claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). In this case, petitioner's medical records do not substantiate petitioner's claim of causation. Moreover, petitioner has not filed an expert medical opinion substantiating his claim of causation.

The undersigned **GRANTS** petitioner's motion for a decision on the written record and **DISMISSES** this case for petitioner's failure to prove by a preponderance of the evidence the matters required in the petition. 42 U.S.C. § 300aa-13(a)(1).

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

February 27, 2015                                      s/Laura D. Millman
DATE                                                  Laura D. Millman
                                                       Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.